This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Leonard J. Dent, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of domestic violence. This Court affirms.
 I.
{¶ 2} Appellant was charged with possession of cocaine, driving under suspension, and two counts of domestic violence in violation of R.C. 2919.25(A). Appellant pled not guilty, and the case was tried to a jury. The jury returned verdicts of not guilty on the possession and driving under suspension charges and guilty on both counts of domestic violence. Appellant was sentenced to eight months of incarceration in the Lorain Correctional Institution on each count. The sentences were to be served concurrently.
{¶ 3} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED IN GIVING CONFUSING INSTRUCTIONS TO THE JURY REGARDING THE ESSENTIAL ELEMENTS OF DOMESTIC VIOLENCE AS CHARGED IN THE INDICTMENT."
{¶ 5} In his first assignment of error, appellant challenges the trial court's instructions to the jury. This Court finds that appellant waived any objection to the jury instructions, absent plain error.
{¶ 6} This Court notes initially that an appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention. Failure to object at the trial court level, when the issue is apparent at that time, constitutes a waiver of that issue, and therefore the issue need not be heard for the first time on appeal. State v. Awan (1986), 22 Ohio St.3d 120, syllabus. An exception to this rule exists if the error amounts to plain error. See Crim. R. 52(B). However, "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. This Court will apply Crim. R. 52(B) only if it appears on the face of the record that an error was committed, and the result of the trial clearly would have been different but for the alleged error. State v. Bock (1984),16 Ohio App.3d 146.
{¶ 7} In the case sub judice, appellant argues that the trial court erred when it instructed the jury regarding the definition of "recklessly" and "threat of force." However, appellant did not object to the instructions given to the jury at trial. Therefore, appellant cannot argue that the trial court erred in giving the instructions for the first time on appeal. Appellant must, therefore, be able to prove that the error amounts to plain error. Appellant offered no evidence to prove that the result of the trial would have been different had the trial court not instructed the jury. Upon a review of the record, this Court cannot conclude that the outcome of the trial would have been different had the trial court not given the instructions regarding "recklessly" and "threat of force."
{¶ 8} Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 9} "APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 10} In his second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence. This Court disagrees.
{¶ 11} In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 12} "Review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339,340.
{¶ 13} An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." Statev. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, appeal not allowed (2000), 88 Ohio St.3d 1482, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97 CA006757. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
{¶ 14} In the present case, the victim testified that appellant pushed, grabbed, and choked her. Upon arriving at the scene, officers observed bruises on her face and saw the blood from her injuries. The police documented the victim's injuries with photographs.
{¶ 15} After reviewing the record, this Court cannot conclude that the jury clearly lost its way. Appellant's second assignment of error is overruled.
 III.
{¶ 16} The decision of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.